IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHAEL J. SPECTOR-MILLER,
MARGARET MCCREDIE DICKSON,
and the conjugal partnership
composed by both

Plaintiffs

vs

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for
DORAL BANK

Defendant

CIVIL 16-1478CCC

## OPINION AND ORDER

Before the Court is plaintiffs Michael J. Spector-Miller and Margaret McCredie-Dickson's ("plaintiffs") Motion for Reconsideration Under Federal Rules of Civil Procedure 59 and 60 (**d.e. 9**) filed on October 14, 2016 and defendant Federal Deposit Insurance Corporation as Receiver of Doral Bank's ("FDIC-R") opposition (d.e. 15) filed on December 12, 2016. For the reasons stated below, plaintiffs' motion (**d.e. 9**) is GRANTED.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2014, Doral Bank commenced a civil action filed against the plaintiffs and others before the Commonwealth of Puerto Rico's Court of First Instance in Arecibo seeking recovery of monies owed and mortgage foreclosures. (d.e. 1, ¶ 4.1). On February 27, 2015, while the aforementioned action was still pending, Doral Bank was closed by the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico and FDIC-R was appointed its receiver. *Id*.

CIVIL 16-1478CCC                    2

Plaintiffs filed the instant action against the FDIC-R on March 16, 2016 claiming that the FDIC-R failed to notify them of their right to file a Proof of Claim pursuant to 12 U.S.C. § 1821(d)(3)(C)[1] asserting their rights against the failed bank before the FDIC. (d.e. 1, ¶ 4.2). On September 10, 2015, plaintiffs, *motu proprio,* filed a Proof of Claim with the FDIC asserting their claims against Doral Bank. (d.e. 1, ¶ 4.5). On-or-about February 22, 2016, plaintiffs received notices from the FDIC disallowing their claims as untimely pursuant to 12 U.S.C. § 1821(d)(5)(C)(i). (d.e. 1, ¶ 4.6). The notice of disallowance alleges that the last date for filing Proof of Claims was June 4, 2015. *Id*.

On September 9, 2016, more than 88 days *after* the term to serve process provided by Fed. R. Civ. P. 4(m) expired,[2] the Court dismissed the action, without prejudice. (d.e. 8). Plaintiffs did not request an extension of time to serve process until after the judgment was entered. The same was denied, as moot. (d.e. 16). The FDIC-R was untimely served with process on on September 29, 2016, after the judgment dismissing the action had been entered, over 197 days after the action was filed.

---

[1] 12 U.S.C. § 1821(d)(3)(C) states:

**(C)   Mailing required**

The receiver shall mail a notice similar to the notice published under subparagraph (B)(i) at the time of such publication to any creditor shown on the institution's books--

    **(i)**    at the creditor's last address appearing in such books; or

    **(ii)**    upon discovery of the name and address of a claimant not appearing on the institution's books within 30 days after the discovery of such name and address.

[2] The time to serve process expired on June 14, 2016.

Plaintiffs move for reconsideration of the Court's dismissal of the action. They argue that there is "good cause" for their failure to serve defendant in a timely fashion and also that they will suffer extreme prejudice "since their claim will be time-barred."

**ANALYSIS**

A motion for reconsideration may only be granted by a district court if the moving party demonstrates that there is: (1) newly discovered evidence that would change the result, (2) an intervening change in controlling law, or (3) the need to correct a manifest error of law or fact. *Moreno-Perez v. Toledo-Davila*, 266 F.R.D. 46, 48 (D.P.R. 2010); *Alicea v. Machete Music*, 744 F.3d 773, 788 (1st Cir. 2014).

Plaintiffs' motion seeks relief pursuant to Federal Rule 4(m). Rule 4(m) states, in relevant part, that:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--**must** dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period**.

Fed. R. Civ. P. 4(m) (emphasis ours).

"[A] plaintiff may escape dismissal in the face of insufficient service in two circumstances: [(1)] where there is 'good cause for the failure,' or [(2)] even if there is not good cause shown, where the court in its discretion decides to grant the plaintiff more time to effect service." *Moreno-Perez*, 266 F.R.D. at 49 (quoting *Bunn v. Gleason*, 250 F.R.D. 86, 88 (D. Mass. 2008)). Good cause

may be found "when the plaintiff's failure to complete service in timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstance[s], or the plaintiff is proceeding *pro se* or *in forma pauperis*." *Moreno-Perez*, 266 F.R.D. 46, 49-50.

In this case plaintiffs failure to serve process was not the fault of a third party and there are no allegations that would lead us to conclude that defendant evaded service or engaged in misleading conduct. This is not a situation where the plaintiffs are representing themselves or proceeding *in forma pauperis.*

Instead, we find that plaintiff did not act diligently to effect service and we can find no understandable mitigating circumstances*.* Plaintiffs submit that they did not timely serve process because they were trying to settle the state court case, trying to save judicial resources and to avoid having to litigate before the District Court. This is unpersuasive. Plaintiffs initiated the lawsuit and through their attorneys were well aware of the time to serve process. They filed identical lawsuits on behalf of three other corporations owned by them against the FDCI-R one month after the instant action and filed belated requests for extensions of time for each of these actions as well. It is their responsibility to prosecute am action that they commenced. Plaintiffs knew there was a deadline to serve process. Nevertheless, they failed to request an extension until 90 days *after* the deadline to serve had elapsed. The fact that they were trying to settle the state court case does not amount to "good cause."

Our inquiry does not end here. In cases where no "good cause" is found, it is within the Court's discretion to extend the time for service of process. In making this determination, courts look at the following: "whether: (a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer . . . prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed. *Bunn v. Gleason*, 250 F.R.D. 86, 90 (D. Mass. 2008) (internal quotations and citations omitted); *see also United States v. Tobins*, 483 F. Supp. 2d 68, 80 (D. Mass. 2007).

Dismissal of the action, even without prejudice, bars plaintiffs from re-filing their claims since the sixty day statute of limitations established by 12 U.S.C. § 1821(d)(6)[3] expired prior to the Court entering judgment. "A plaintiff suffers prejudice when he or she is unable to re-file a claim due to a time bar, and this prejudice can be the sole basis for discretionary relief from the Rule 4 service requirements." *Diaz-Rivera v. Supermercados Econo Inc.*, 18 F.Supp. 3d 130, 135 (D.P.R. 2014). The FDIC-R has not shown it would be prejudiced if the judgment dismissing the case, without prejudice, is vacated. Accordingly, the Court will exercise its discretion and grant an extension of time to extend the 90–day period for service.

## CONCLUSION

For the reasons discussed above, plaintiffs' Motion for Reconsideration Under Federal Rules of Civil Procedure 59 and 60 (**d.e. 9**) is GRANTED.

---

[3] Section 1821(d)(6) provides that a claimant may request an administrative review of a claim or file suit on such claim in the district court "[b]efore the end of the 60-day period beginning on . . . (ii) the date of any notice of disallowance of such claim." 12 U.S.C. § 1821(d)(6).

CIVIL 16-1478CCC                6

Accordingly, the judgment dismissing the case, without prejudice (d.e. 8), is VACATED. Plaintiffs are GRANTED a final term until **SEPTEMBER 5, 2017** to serve process upon defendant Federal Deposit Insurance Corporation, as Receiver of Doral Bank.

Failure to serve process within the time allotted by this Order to do so will be considered by the Court as lack of prosecution given plaintiffs' 185-day delay in requesting an extension of time to serve process thereby resulting in immediate dismissal of plaintiffs' claim, with prejudice.

SO ORDERED.

At San Juan, Puerto Rico, on August 15, 2017.

S/CARMEN CONSUELO CEREZO
United States District Judge